IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

BRETT MICHAEL DADIG

Criminal No. 25 - 289

**FILED**

DEC 0 2 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. **THE INDICTMENT**

A federal grand jury returned a fourteen-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| | Cyberstalking | 18 U.S.C. §§ 2261A(2)(A) and (B) |
| 1 | June-August 2025 | |
| 2 | August-November 2025 | |
| 3 | August-October 2025 | |
| 4 | May-October 2025 | |
| 5 | August 2025 | |
| | Interstate Stalking | 18 U.S.C. §§ 2261A(1)(A) and (B) |
| 6 | August 2025 | |
| 7 | August 2025 | |
| 8 | August 2025 | |
| 9 | July-August 2025 | |
| 10 | September 2025 | |
| 11 | July 2025 | |

|    | Interstate Threats | 18 U.S.C. § 875(c) |
|----|--------------------|--------------------|
| 12 | August 20, 2025    |                    |
| 13 | August 22, 2025    |                    |
| 14 | August 4, 2025     |                    |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Counts 1-5:

In order for the crime of Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant, with the intent to injure, harass, intimidate, or place under surveillance with intent to injure, harass, or intimidate another person,

2.    Used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that:

a.    Placed that person in reasonable fear of death or of serious bodily injury to that person; or

b.    Caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.

### B.    As to Counts 6-11:

In order for the crime of Interstate Stalking, in violation of 18 U.S.C. §§ 2261A(1)(A) and (B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    The defendant traveled in interstate commerce;

2

2.      The defendant had the intent to kill, injure, harass or place under surveillance with the intent to kill, injure, harass or intimidate another person; and

3.      In the course of or as a result of such travel, the defendant placed another person in reasonable fear of death or serious bodily injury or caused substantial emotional distress to another person.

**C.      As to Counts 12-14:**

In order for the crime of Interstate Threats, in violation of 18 U.S.C. § 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another;

2.      That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and

3.      That the threat was communicated in interstate commerce.

### III. PENALTIES

**A.      As to Counts 1-11: Cyberstalking (18 U.S.C. §§ 2261A(2)(A) and (B)) and Interstate Stalking (18 U.S.C. §§ 2261A(1)(A) and (B)):**

1.      A term of imprisonment of not more than five (5) years.  If the stalking occurred in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in Section 2266 of Title 18, United States Code, the term of imprisonment is not less than one (1) year.

2.      A fine of not more than $250,000.

3.      A term of supervised release of not more than three (3) years.

3

**B.**    **As to Counts 12-14: Interstate Threats (18 U.S.C. § 875(c)):**

1.    A term of imprisonment of not more than five (5) years.

2.    A fine of not more than $250,000.

3.    A term of supervised release of not more than three (3) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to Counts One through Fourteen, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2264, 3663, 3663A, and 3664.

## VI.  FORFEITURE

.    Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*s/Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316